**SLIP OP. 08-109**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| HORIZON LINES, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

Before: Jane A. Restani, Chief Judge

Court No. 05-00435

## JUDGMENT

[Partial judgment for plaintiff re Customs' valuation.]

Williams Mullen (Evelyn M. Suarez and Dean A. Barclay) for the plaintiff.

Gregory G. Katsas, Assistant Attorney General; Barbara S. Williams, Attorney-in- Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Edward F. Kenny); Michael Heydrich, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of counsel, for the defendant.

On November 20, 2007 this Court entered an Opinion and Order partially granting and partially denying Defendant's Motion for Summary Judgment. That is, certain invoice items associated with the September 2001 lay-up of the vessel Horizon Crusader and necessitated at least in part by scheduled repair were held to be dutiable on an apportioned basis. Certain items were otherwise found to be dutiable equipment or repairs, in whole or in part. Accordingly, the court granted defendant's motion for summary judgment as to these items, listed in Exhibit A hereto, and plaintiff shall take nothing on account of such items. The court

found material facts at issue with respect to the remaining invoice items covered by vessel entry C20-0060861-5. Thereafter, the parties filed Stipulations on April 17, 2008 and on September 15, 2008, for the purpose of settling or partially settling their dispute as to the invoice items not resolved by the November 20, 2007 Opinion and Order.

Accordingly, it is hereby ORDERED that,

1. The appropriate U.S. Customs and Border Protection ("Customs") officer shall redetermine the vessel entry C20-0060861-5 and make refund in accordance with:

a) The court's opinion and order of November 20, 2007;

b) The Joint Stipulations of Fact of April 17, 2008 regarding invoice items listed in paragraph 1 under lay-up expenses, attached hereto in Exhibit B, which the parties agreed were to have been incurred for the lay-up at Karimum Sembawang Shipyard (KSS) as required by the American Bureau of Shipping ("ABS") Guide for Lay-up and for Reactivation of Laid-up Ships as certified by ABS in the ABS Lay-up Survey Report's Process Instruction Check Sheet on Lay-up Surveys, in accordance with this court's November 20, 2007 Opinion and Order;

c) The Joint Stipulations of Fact of April 17, 2008 as to (1) equipment or repairs; (2) dual purpose expenses; or (3) items unrelated to dutiable repairs, attached hereto in Exhibit B; and

d) The Stipulations of September 15, 2008 settling certain disputed items, attached hereto as Exhibit C.

2. All other claims and non-stipulable entries are abandoned by the parties.

Court No. 05-00435                                                          Page 3

     3. Each party is to bear its own costs, expenses and attorneys' fees.

     4. Any refund of duties will be paid with interest as provided for by law.

                            /s/ Jane A. Restani
                              Jane A. Restani
                              Chief Judge

Dated: This 15th day of October, 2008.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____       By: _____
                                                         Deputy Clerk

# EXHIBIT A

to Judgment in Court No. 05-00435
2 pages

In accordance with the November 20, 2007 Opinion and Order, summary judgment was granted defendant as to the following items:

- **Invoices 2 & 3**;

- **Invoice 5**;

- **Invoice 6a**;

- **Invoice 6b**: Items 1100 (lay-up charges), 1104 (riggers assistance), 1108 (garbage disposal), 1109 (shore power), 1118 (tug charge), 1118A (towing charges), 1119 (wharfage), 1124 (security watchman), 1135 (pilotage), and 8060 (marine gas oil supply) only;

- **Invoice 7a**;

- **Invoice 7b**: Items 1104 (riggers assistance), 1108 (garbage disposal), 1109 (shore power), 1118 (tug assistance), 1119 (wharfage), 1124 (security watchman), 1135 (pilotage), 8061 (Indonesian flag), 8062 (marine gas oil), and 8071 (walkie talkie) only;

- **Invoice 8a**;

- **Invoice 8b**: Items 9904 (land transportation), 9906 (boat services), and 9908 (port and navigation dues) only;

- **Invoice 11a2**: Items A (main agency fees) and B (telecommunications charges) only;

- **Invoice 11a3**: Items A (telecommunications charges) and C (air ticket for Mr. Joe Blunt) only;

- **Invoice 11b1**: Items A (main agency fees), C (telecommunication equipment), and E (ferry tickets to Karimun Island) only;

- **Invoice 11b3**: Items A (television) and F (survey of damaged portable generator) only;

- **Invoice 11b4**: Items B (courier services) and D (airline ticket for Mr. Wally Becker) only;

- **Invoice 11c**;

- **Invoice 11d1**: Items A (main agency fees) and C (telecommunications expenses)

only;

- **Invoice 11d2**: Items A (telecommunications expenses) and F (freight forwarding) only;

- **Invoice 22a**: Items 1-1 (lay berth), 1-2 (telephone services), 1-4 (fireline water), 1-7 (garbage removal), 1-8 (crane services), and 1-16 (line handlers) only;

- **Invoice 22b**: Items 1-1 (lay berth), 1-2 (telephone service), 1-3 (port engineer's office), 1-4 (fireline water), 1-5 (gas free certification), 1-6 (sanitary facilities), 1-7 (garbage removal), 1-9 (shore power connection), 1-10 (shore power supply in drydock), 1-11 (shore power supply afloat), 1-13 (reefer cooling water), 1-16 (line handlers), 1-18 (heat lamps), 1-19 (dock trial), 1-20 (sea trial), 1-21 (tank ventilation), 1-22 (passageway), 1-24 (ballast water), 2.1-28 (cleaning hydraulic oil from No. 8 cargo hold), and 4.2-1 (forced draft fan inspection) only;

- **Invoices 31a through 31c**;

- **Invoice 31e**.

# EXHIBIT B

to Judgment in Court No. 05-00435
6 pages

ORIGINAL

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE JANE A. RESTANI, CHIEF JUDGE

|   |   |   |
|---|---|---|
| HORIZON LINES, LLC, | : | |
| Plaintiff | : | Court No. 1:05-cv-00435-JAR |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## JOINT STIPULATIONS OF FACT

Pursuant to the Order of November 20, 2007, Plaintiff, Horizon Lines, LLC, and Defendant, United States, by their respective counsel, hereby submit joint stipulations of fact for the Court's consideration and determination of pending matters in the above-referenced case. The stipulations address all pending items in the litigation, with the exception of the following items for which Horizon Lines and the United States have agreed to pursue additional testimony from Joseph Walla, Horizon Lines Port Engineer:

- Invoice 22b, 1-8, Crane Services;
- Invoice 22b, 2.1-9 Cargo Hold Cleaning;
- Invoice 22b, 2.1-34 Ballast Tank and Engine Room Cleaning;
- Invoice 22b, 2.1-18 Box Girder Inspection;
- Invoice 22b, 4.1-16, Forepeak Block Valve;
- Invoice 22b, 4.2-7, Boiler Stack Inspection;
- Invoice 22b, 4.2-8 Water Washed Port and Starboard Boiler for Inspection;
- Invoice 22b, 5.2-1 Stage Port & Stbd Boilers;
- Invoice 22b, 5.2-3, Boiler Access Doors, Port and Stbd Inspections;
- Invoice 22b, 5.2-4, Hydrostatic Test, Port and Stbd Boilers Inspections;



- Invoice 22b, 5.2-5, Boiler Waterside, Port and Stbd Inspections;
- Invoice 22b, 5.2-6, Desuperheater Inspections and Hydrotest; and
- Invoice 22b, 5.2-7, Handhole Plate Removal/Seat inspection.

Both Horizon Lines and the United States believe that additional testimony from Mr. Walla may lead to additional stipulations of fact.

Horizon Lines' and the United States' joint stipulations of fact are as follows:

**LAY-UP EXPENSES:**

It remains the position of Horizon Lines that neither the lay-up itself nor any of the specific lay-up expenses are dutiable as they were not related to repairs. Moreover, it remains the position of the United States that such lay-up costs are partially dutiable as the lay-up was in part necessitated by the repairs. Taking into consideration the parties' respective positions, Horizon Lines and the United States agree that:

1.    The following expenses were incurred for the lay-up at Karimum Sembawang as required by the American Bureau of Shipping ("ABS") Guide for Lay-up and for Reactivation of Laid-up Ships and as certified by ABS in the ABS Lay-up Survey Report's Process Instruction Check Sheet on Lay-up Surveys:

- EG Fan Blower HTR 415 V x 18 Kw c/w, Invoice 4;
- EG Axial Fan Blower HTR, 20 Kw, 415 V; Invoice 4;
- Absormatic 3, Desiccants, Invoice 4;
- 8" Flexiduct Hoses; Invoice 4;
- Wooden Boxes & Transportation of Materials, Invoice 4;
- Item No. 6060 in Invoice 6b, Supply Manpower for Mechanical Work;
- Item No. 7380 in Invoice 6b, Heating Lamp and Bilge Alarm Installation;
- Item No 8060B in Invoice 6b, Supply Vent Ducting Cover;
- Item 8000 in Invoice 6b, Shipment of Owner's Generator;
- Item 8060A in Invoice 6b, Flexible Cable;

2

- Item 2000 in Invoice 7b, Blank Vent;
- Item 6000 In Invoice 7b, Penetration Pipe;
- Item 2001 in Invoice 7b, Hawse Pipe Grating;
- Item 2002 in Invoice 7b, Air-conditioning Installation;
- Item 8070 in Invoice 7b, Special Shipment of Generator;
- Item 9908 in Invoice 8b, Port and Navigation Dues;
- Item F in Invoice 11a2, Professional Services Rendered;
- Item D in Invoice 11a3, Supply of Night Engineer and Cook cum Steward;
- Item E in Invoice 11a3, Supply of provisions;
- Item G in Invoice 11b1, Professional Services Rendered;
- Item B in Invoice 11b3, Supply of Provisions;
- Item D in Invoice 11b3, Supply of Night Engineer;
- Item E in Invoice 11d1, Professional Services Rendered;
- Item B in Invoice 11d2 , Supply of Night Engineer and Cook cum Steward; and
- Item E in Invoice 11d2, Supply of Provisions.

**EQUIPMENT OR REPAIRS:**

2.     The following expenses were incurred to purchase dutiable equipment or

otherwise were dutiable repairs:

- 20-foot refrigerated container in Invoice 11a1;
- Invoice 22b, 5.1-12 Combined First Stage Heater, Gland Condenser & Drain Coller Package Inspections;
- The following equipment contained in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 3994":
  o RFD Repair Adhesive;
  o Torch battery D-size;
  o Parachute rocket, red;
  o Lifesmoke orange;
  o Snaplight 6" 12 hr;
  o Container operating instruction label;
  o Blk retaining painter;

3

- o  Container ID attachment;
- o  RFD strip c/w crimp;
- o  Polythene sheet, ft.;
- o  Endorsement on container;
- o  Tape adhesive 100 mm;
- o  Radar reflector KR-1;
- o  Bulb GE PR7;
- o  Pad protection;
- o  Land transportation & cartage (from/to Jurong Shipyard);
- The following equipment in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 5015":
  - o  5lb Dry powder fire éxtinguisher c/w bracket (supplied new).

**DUAL PURPOSE EXPENSES:**

3.  In the instance of the dry-docking at Jurong, the following expenses are related to both dutiable repairs and non-dutiable inspections:

- Invoice 22b, 2.1-23 Cleaning of No. 2 Fuel Oil Tank (Port);
- Invoice 22b, 2.1-24 Pumping and Cleaning of No. 3 Fuel Oil Tank (Port);
- Invoice 22b, 2.1-25 Cleaning of No. 5 Fuel Oil Tank (Port).

**ITEMS UNRELATED TO DUTIABLE REPAIRS:**

4.  The following expenses are not related in any way to dutiable repairs:

- Invoice 22b, 1-14 Fresh Water;
- Invoice 22b, 1-23 Compressed Air;
- Invoice 22b, 2.1-12 Rudder Inspection;
- Invoice 22b, 4.1-11 Main and Emergency Switchboard;
- Invoice 22b, 4.2-10, No. 1 & 2 S.W. Service Pump Discharge Valve Inspection;
- The following inspections in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 3994":
  - o  25-person BFG/CREWSAVER Liferaft serviced;
  - o  BFG/CREWSAVER re-Inspection certificate;

4

- The following inspections in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 5015":
  - o 10 lb. Dry powder extinguisher: serviced, checked content & pressure;
  - o 15 lb. Dry powder extinguisher: serviced, checked content & pressure;
  - o 15 lb. CO2 extinguisher: serviced & checked weight;
  - o Maintenance label;
  - o Land transportation;
- The following inspections in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 5016":
  - o SCBA set: serviced, checked & functional tested;
  - o 8.1 liter SCBA cylinder: serviced & checked pressure;
  - o 50 liter/150 bar Cascade breathing air cylinders: serviced & checked pressure;
  - o Maintenance label;

- The following inspections in Invoice 32, Astro Fire & Safety, under heading "Service Report No. 5017":
  - o 100 lb CO2 cylinder: serviced & checked weight;
  - o 50 lb CO2 cylinder: serviced & checked weight;
  - o Pull handle box: checked & inspected;
  - o Blew through discharge pipeline for Cargoholds: tested;
  - o Distribution valve: tested;
  - o Maintenance label.

Respectfully submitted,

| HORIZON LINES, LLC | UNITED STATES OF AMERICA |
|---|---|
| By: *Evelyn M. Suarez* | JEFFREY S. BUCHOLTZ |
| Evelyn M. Suarez | Acting Assistant Attorney General |
| Francisco J. Orellana | |
| WILLIAMS MULLEN | By: |
| A Professional Corporation | BARBARA S. WILLIAMS |
| 1666 K Street, NW, Suite 1200 | Acting Attorney in Charge |
| Washington, DC 20006 | International Trade Field Office |
| (202) 833-9200  Fax (202) 293-5939 | |
| | By: |
| *Counsel for Plaintiff* | EDWARD F. KENNY |
| | Civil Division, Dept. of Justice |
| Of Counsel: | Commercial Litigation Branch |
| Robert S. Zuckerman | 26 Federal Plaza, Suite 346 |
| Vice President and General Counsel | New York, New York 10278 |
| Horizon Lines, LLC | Tel. No. 212 264 0480 |
| 4064 Colony Road, Suite 200 | |
| Charlotte, NC 28211 | *Counsel for Defendant* |

*Admitted in New York and the U.S. Court of
International Trade
Not admitted in the State of North Carolina*
1567211v1

Dated: April 16, 2008.

6

# EXHIBIT C

to Judgment in Court No. 05-00435
4 pages

ORIGINAL

UNITED STATES COURT OF INTERNATIONAL TRADE
HONORABLE JANE A. RESTANI, CHIEF JUDGE

| | | |
|---|---|---|
| HORIZON LINES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. 1:05-cv-435-JAR |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## **STIPULATIONS**

The parties enter into the stipulations below for the sole purpose of settling this portion of the dispute for which the amount in controversy does not justify the expense associated with continued litigation. In so doing, neither party admits or concedes that any of the stipulations constitutes a correct application of the law to the facts of this case. Neither party shall be bound by these stipulations in any other dispute to which it is a party. The stipulations herein resolve the remaining disputed Jurong Shipyard expenses, and are believed to enable the Court to issue a final order in this case.

1. Invoice 22b, 1-8, Crane Services. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in SL Service, Inc. v. United States, 357 F.3d 1358, (Fed. Cir. 2004).

61

2. Invoice 22b, 1-9, Cargo Hold Cleaning. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

3. Invoice 22b, 2.1-34, Ballast Tank and Engine Room Cleaning. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

4. Invoice 22b, 2.1-18, Box Girder Inspection. The parties agree that this charge should be treated as non-dutiable.

5. Invoice 22b, 4.1-16, Forepeak Block Valve. The parties agree that this charge should be treated as dutiable.

6. Invoice 22b, 4.2-7, Boiler Stack Inspection. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

7. Invoice 22b, 4.2-8, Water Washed Port and Starboard Boiler for Inspection. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

8. Invoice 22b, 5.2-1, Stage Port & Starboard Boilers. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

9. Invoice 22b, 5.2-3, Boiler Access Doors, Port and Starboard Inspections. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States,</u> 357 F.3d 1358, (Fed. Cir. 2004).

2

10. Invoice 22b, 5.2-4, Hydrostatic Test, Port and Starboard Boilers Inspections. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States</u>, 357 F.3d 1358, (Fed. Cir. 2004).

11. Invoice 22b, 5.2-5, Boiler Waterside, Port and Starboard Inspections. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States</u>, 357 F.3d 1358, (Fed. Cir. 2004).

12. Invoice 22b, 5.2-6, Desuperheater Inspections and Hydrotest. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States</u>, 357 F.3d 1358, (Fed. Cir. 2004).

13. Invoice 22b, 5.2-7, Handhole Plate Removal/ Seat Inspection. The parties agree that these charges are dual purpose repair expenses and should be apportioned as explained in <u>SL Service, Inc. v. United States</u>, 357 F.3d 1358, (Fed. Cir. 2004).

Respectfully submitted,

| | |
|---|---|
| HORIZON LINES, LLC | UNITED STATES OF AMERICA |

By: *Evelyn M. Suarez*
Evelyn M. Suárez
Dean A. Barclay
WILLIAMS MULLEN
A Professional Corporation
1666 K Street, NW, Suite 1200
Washington, DC 20006
(202) 833-9200 Fax (202) 293-5939

*Counsel for Plaintiff*

Of Counsel:
Robert S. Zuckerman
Vice President and General Counsel
Horizon Lines, LLC
4064 Colony Road, Suite 200
Charlotte, NC 28211

*Admitted in New York and the U.S. Court of International Trade*
*Not admitted in the State of North Carolina*
1567211v1

Dated: September 12, 2008.

JEFFREY S. BUCHOLTZ
Assistant Attorney General

By:
BARBARA S. WILLIAMS
Attorney in Charge
International Trade Field Office

By:
EDWARD F. KENNY
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
Tel. No. 212 264 0480

*Counsel for Defendant*

4